UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | |
| NATHAN PRYER | NO. 24-00357-BAJ-SDJ |

### RULING AND ORDER

Before the Court is the Government's **Motion For Default Judgment Against Nathan Pryer (Doc. 16)**. The Motion is unopposed. For the following reasons, the Government's Motion will be **GRANTED**.

I.  BACKGROUND

This case arises out of Defendant Nathan Pryer's alleged failure to repay a Small Business Administration loan (the "SBA Loan") under the terms of a note (the "Note"). (Doc. 1). The SBA provided Defendant a SBA Loan in the amount of $25,000. (Doc. 1-3). The Government alleges that under the terms of the Note, Defendant was required to begin monthly payments in the amount of $89.00 beginning five months from the date of the loan, or February 23, 2016. (*Id.* at ¶ 6).

The Government alleges that Defendant became delinquent on the SBA Loan on October 23, 2018, with a principal balance due of $23,082.14. (*Id.* at ¶ 7). The Government alleges that under the terms of the Note, interest of 1.563% is due from the date of disbursement, and continues to accrue on the unpaid balance of the debt at the rate of 1.563% per annum. (*Id.* at ¶¶ 11–12).

Despite a demand letter, the initiation of this lawsuit, the issuance of a Clerk's Entry of Default Judgment, and the Government's filing of the current Motion for Default Judgment, Defendant has failed to appear or respond to this lawsuit in any manner and has yet to pay the Government under the Note. Accordingly, and for the reasons described below, the Court finds that default judgment is warranted in the Government's favor.

On May 30, 2019, the Department of Treasury Bureau of the Fiscal Service ("Fiscal Service") sent a demand letter to Defendant demanding payment. (Doc. 1 at ¶ 8; Doc. 1-6). On May 6, 2024, the Government filed this lawsuit. (Doc. 1). On July 12, 2024, Defendant executed a Waiver of the Service of Summons, which stated that Defendant understood that he must file and serve an answer or motion under Rule 12 within 60 days from July 12, 2024. (Doc. 10). More than 60 days have passed, and Defendant has failed to respond to the Government's Complaint in any manner.

On September 25, 2024, the Government moved for a Clerk's Entry of Default. (Doc. 14). The Clerk entered default against Defendant. (Doc. 15). The Government then filed the instant motion, seeking default judgment in its favor in the amount of:

A. $23,082.14 in unpaid principal;

B. Pre-judgment interest, calculated at the annual rate of 1.56% from October 23, 2018, through the date of this Order;

C. Post-judgment interest at the rate provided by 28 U.S.C. § 1961, computed daily and compounded annually until fully paid; and

2

D.  Costs of suit in the amount of $405.00 as authorized by 28 U.S.C. § 1914(a) and 28 U.S.C. § 2412.

For the following reasons, the Government's Motion will be **GRANTED**.

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

### III. DISCUSSION

The Government asks the Court to enter judgment in its favor and against Defendant. (Doc. 16). For the following reasons, the Court finds that default judgment is warranted.

#### A. Default Judgment is Appropriate under the Lindsey Factors.

The Court must first decide whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an Answer or motion under Rule 12. Second, it is undisputed that Defendant has not responded to any of the Government's attempts to contact him. Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the procedural history of this case and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because he has failed to respond to the Government or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendant. The Court

therefore finds that the six Lindsey factors weigh in favor of entry of default against Defendant.

### B. The Sufficiency of the Pleadings.

Next, the Court must determine whether the Government's pleadings provide a sufficient basis for a default judgement. Here, the Government sued Defendant for repayment of the SBA Loan under the terms of the Note. (Doc. 1). The parties executed a valid and binding contract—the Note. (Doc. 1-3). Defendant breached the Note by failing to pay the Government under its terms. (Doc. 1 at ¶ 7). The Government suffered damages due to Defendant's failure to pay. (*Id.*). Thus, the Government has demonstrated a sufficient basis for default on its Complaint.

### C. Damages.

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A review of the record reflects that the elements of damages are mathematically calculable based on the supporting documentation submitted; thus, a hearing is not necessary. (Doc. 1-3–Doc. 1-5). The Note reflects that Pryer borrowed $25,000 under the SBA Loan. (Doc. 1-3). The Fiscal Service records reflect that Defendant became delinquent on the SBA Loan on October 23, 2018, with a balance due of $23,082.14. (Doc. 1-5). The Note dictates the interest owed. (Doc. 1-3).

Further, 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Thus, the Court will order post-judgment interest.

Finally, 28 U.S.C. § 2412(a)(2) provides that "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title." Thus, the Court will order Defendant to pay the Government's $405 filing fee.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Government's **Motion For Default Judgment Against Nathan Pryer (Doc. 16) is GRANTED.**

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of the Government.

**IT IS FURTHER ORDERED** that Defendant Nathan Pryer shall pay the Government:

A. $23,082.14 in unpaid principal;

6

B. Pre-judgment interest calculated at the annual rate of 1.56% from October 23, 2018, through the date of this Order;

C. Post-judgment interest at the rate provided by 28 U.S.C. § 1961, computed daily and compounded annually until fully paid; and

D. Costs of suit in the amount of $405.00 as authorized by 28 U.S.C. § 1914(a) and 28 U.S.C. § 2412.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 7th day of August, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**